JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Thomas Reading's first assignment of error alleges that his convictions for aggravated robbery and obstructing official business were against the manifest weight of the evidence.
The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. See State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The trial court chose to believe one police officer's testimony that Reading attempted to pull the officer's gun from its holster during a struggle. Further, police officers testified that Reading refused to cooperate during his arrest. Reading struggled and fought with the officers, attempted to flee, attempted to throw himself off a highway overpass, tackled an officer, maneuvered his handcuffed wrists from behind his back, and tried to take an officer's gun. Following a review of the record, we cannot say that the trial court clearly lost its way and created a manifest miscarriage of justice. See State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541;State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. The assignment of error is overruled.
Reading's second assignment of error, which alleges that the trial court erred in failing to make the required felony sentencing findings, is overruled because the court imposed the minimum term of incarceration for the first-degree felony of aggravated robbery, and, therefore, no findings were required pursuant to R.C. 2929.14(B).
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Painter, JJ.